**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4096

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NORVELL BLYTHE BAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-04-254)

Submitted: June 27, 2005          Decided: July 26, 2005

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, L. Patrick Auld, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Norvell Blythe Baker appeals his 325 month sentence resulting from his conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (2000), and possession of a firearm during drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2000). Finding no reversible error, we affirm.

Baker pled guilty and does not challenge his conviction. Baker claims that the district court violated his Sixth Amendment rights by enhancing his sentence by virtue of a designation of career offender under U.S. Sentencing Guideline Manual § 4B1.1 (2004), on facts not alleged in the indictment, not admitted by Baker, and not found by a jury beyond a reasonable doubt in violation United States v. Booker, 125 S. Ct. 738 (2005).

In order for Baker to be designated a career offender, the Government had to establish (1) that Baker was at least 18 at the time of the instant offense, (2) that the instant offense is a felony that is either a "crime of violence" or a "controlled substance offense," and (3) that Baker had at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense." USSG § 4B1.1(a); United States v. Harp, 406 F.3d 242, 245 (4th Cir. 2005).

Baker does not contest that he was thirty-two years old at the time of the instant offense, satisfying the first

requirement of a career offender under USSG § 4B1.1(a). A controlled substance offense is: "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). In the instant offense, Baker pled guilty to possession of fifty grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000), a felony that carries a minimum sentence of ten years in prison. As the indictment states, cocaine base is a controlled substance within the meaning of 21 U.S.C. § 812 (2000). Baker pled guilty to a controlled substance offense punishable by imprisonment exceeding one year, satisfying the second requirement of USSG § 4B1.1(a).

Under USSG § 4B1.2(a)(2), a "crime of violence" includes any offense "punishable by imprisonment exceeding one year" that is "a burglary of a dwelling." This Court has held that "burglary of a dwelling constitutes a crime of violence." United States v. Harrison, 58 F.3d 115, 119 (4th Cir. 1995). In both 1993 and 2001, Baker was convicted of felony breaking and entering of a dwelling and larceny. For each conviction he was sentenced to fifteen months' imprisonment. Id. Baker does not dispute any facts related to his prior convictions. As Baker had two prior felony

convictions for crimes of violence, he satisfied the third requirement of USSG § 4B1.1(a).

Baker argues that the finding of a crime of violence constituted impermissible judicial fact-finding, but Booker specifically excepted prior convictions from its requirement that facts be admitted or proven to a jury beyond a reasonable doubt. Booker, 125 S. Ct. at 756. Baker's prior convictions qualified as crimes of violence as a matter of law; this conclusion required no further judicial fact-finding. See United States v. Ward, 171 F.3d 188, 192 (4th Cir. 1999) (court's inquiry into career offender status generally limited to "the fact of conviction and the statutory elements of the prior offense"). The district court did not err in its ruling that Baker qualified for the career offender sentence enhancement.

Baker claims that even if he qualified as a career offender, the district court violated his Sixth Amendment rights because his prior convictions were not admitted by him or found by a jury beyond a reasonable doubt. In United States v. Harp, 406 F.3d 242 (4th Cir. 2005), this court, applying the plain error standard, found that even if the district court committed plain error when it determined that defendant was a career offender without the elements of that designation having been charged in an indictment, this court would not exercise its discretion to correct that error. Harp, 406 F.3d at 247. In Almendarez-Torres v. United

States, 523 U.S. 224 (1998), the Supreme Court held that "the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence."  Although the opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of Almendarez-Torres, this court has concluded that Almendarez-Torres was not overruled by Apprendi.  See United States v. Sterling, 283 F.3d 216, 220 (4th Cir. 2002).

Baker finally maintains that even if the district court did not err in designating him a career offender, it erred in failing to treat the guidelines as advisory.  Because Baker did not raise this issue in the district court, we review for plain error.  Under this standard, although Baker is correct that the district court committed error in treating the guidelines as mandatory,[*] see Hughes, 401 F.3d at 547-48, he is not entitled to relief.  This court recently held that in a plain error context, the error of sentencing under the mandatory guidelines regime did not, in the absence of a Sixth Amendment violation, warrant a presumption of prejudice nor was it a structural error.  United States v. White, 405 F.3d 208, 224 (4th Cir. 2005).  As it is apparent that the error did not affect the court's ultimate determination of Baker's

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Baker's sentencing.

sentence, Baker cannot satisfy the prejudice requirement of the plain error standard.

Moreover, even if Baker had preserved this issue for appellate review, the district court's application of the guidelines as mandatory was clearly harmless. The harmless error standard permits an error at sentencing to be disregarded if the reviewing court is certain that any such error "did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992). The district court imposed an identical sentence under both the mandatory federal sentencing guidelines and, in the alternative, based upon its own judicial discretion if the federal guidelines were later found not to be mandatory. Because the district court imposed an alternative discretionary sentence pursuant to 18 U.S.C.A. § 3553 (West 2000 & Supp. 2004), that was identical to the guideline sentence, this court could confidently conclude that the error inherent in the application of the guidelines as mandatory did not affect the district court's ultimate determination of the sentence. Thus, even if Baker had preserved this issue for appellate review, it would be unnecessary to vacate his sentence and remand for resentencing since he would, according to the sentencing court, receive the same sentence even applying the guidelines as advisory.

Accordingly, we affirm Baker's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
